ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
CHRISTINA R.B. LÓPEZ
S. CLINTON WOODS
Deputy Attorneys General
State Bar No. 246054
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3807
  Fax:  (415) 703-5480
  E-mail:  Clint.Woods@doj.ca.gov
*Attorneys for Defendant Rob Bonta*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATIONAL SHOOTING SPORTS FOUNDATION,**<br><br>Plaintiff,<br><br>v.<br><br>**ROB BONTA, ATTORNEY GENERAL OF CALIFORNIA,**<br><br>Defendant. | Case No. 3:23-cv-00945-AGS-KSC<br><br>**DEFENDANT ROB BONTA'S SPECIAL APPEARANCE AND OBJECTION TO NOTICE OF RELATED CASE**<br><br>Judge:    The Honorable Andrew G. Schopler<br><br>Action Filed:    May 23, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant Rob Bonta, in his official capacity as the Attorney General of the State of California ("Defendant Bonta"), hereby specially appears to object to the Notice of Related Case filed in this action.  Dkt. No. 3.[1]

---

[1] Defendant Bonta specially appears at this time for the limited purpose of asserting his objection to the Notice of Related Case.

1

The Notice of Related Case contends that this action is related to *Miller v. Bonta*, Case No. 3:19-cv-10446-BEN-JLB (S.D. Cal.) (*Miller*) and *South Bay Rod & Gun Club, Inc., et al. v. Bonta, et al.* ("*South Bay Rod & Gun Club*"), Case No. 3:22-cv-01461-BEN-JLB (S.D. Cal.).  It is not.  Under Local Civil Rule 40.1(g), an action may be related to another action where both actions involve (i) "some of the same parties and are based on the same or similar claims," (ii) the same "property, transaction, patent, trademark, or event," or (iii) "substantially the same facts and the same questions of law."  Actions involve the same or similar "claims" where they arise out of the same nucleus of operative facts.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (noting that claims are sufficiently similar for res judicata purposes where they "arise out of the same transactional nucleus of facts").

While this action on the one hand, and *Miller* and *South Bay Rod & Gun Club* on the other, involve one common defendant (the Attorney General, sued in his official capacity), and claims relating to the enforcement of California Code of Civil Procedure section 1021.11, the similarities end there.  The National Shooting Sports Federation (NSSF) is not a plaintiff in either the *Miller* or the *South Bay Rod & Gun Club* cases.  Further, NSSF's claims in the instant lawsuit do not involve the same "property, transaction, patent, trademark, or event" identified in *Miller* or *South Bay Rod & Gun Club*, because those cases challenged <u>only</u> the constitutionality of section 1021.11, and did not involve challenges to a wholly unrelated statute.

Here, the gravamen of NSSF's Complaint is a challenge to AB 1594, California's Firearm Industry Responsibility Act, codified at California Civil Code sections 3273.50-3273.55.  Compl. ¶¶ 3–11, Dkt. No. 1.  AB 1594, among other things, imposes a uniform firearm industry standard of conduct on firearm industry members such as manufacturers, distributors, resellers, or importers.  Cal. Civ. Code §§ 3273.50(a)-(g), 3273.51(a)-(d).  NSSF asserts five independent causes of action regarding the constitutionality of AB 1594, none of which contains any

allegation related to the enforcement provisions of section 1021.11. *Id.* at ¶¶ 70-159. Therefore, none of the claims regarding AB 1594—the primary claims in this suit—involve the same nucleus of operative facts as the claims in *Miller* and *South Bay Rod & Gun Club*.

Moreover, as the Notice of Related Cases and the Complaint itself acknowledges, permanent injunctions and final judgments were entered in both *Miller* and *South Bay Rod & Gun Club* that prevent the Attorney General or any other party from enforcing the provisions of section 1021.11. *See Miller*, Dkt. No. 49; *South Bay Rod & Gun Club*, Dkt. No. 39; Compl. ¶ 66. The Attorney General has not appealed either judgment. Thus, there is no danger of NSSF facing a threat of enforcement of section 1021.11 by the Attorney General related to this lawsuit, and these ancillary claims are clearly moot.

In short, this action does not involve the same or similar claims, the same property, transaction or event, or substantially the same facts and legal questions as were presented in *Miller* or *South Bay Rod & Gun Club*. Judicial resolution of this action therefore will involve consideration of different legislative records, different facts, and different evidence than those at issue in those cases. Accordingly, Plaintiff fails to satisfy any of the requirements for relatedness enumerated in Local Civil Rule 40.1(g). The constitutionality of AB 1594 must necessarily be considered independently of *Miller* and *South Bay Rod & Gun Club*, and the interests of judicial economy would not be served by relating the instant action to those cases.

Random assignment of cases guarantees "fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *J&K Prods., LLC v. Small Bus. Admin.*, 589 F. Supp. 3d 95, 97 (D.D.C. 2022) (internal quotation marks and citation omitted) (finding that the case plaintiff identified as related was in fact not related to two prior actions); *see also UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 261 F. Supp. 3d 1056, 1060 (N.D. Cal. 2017) ("Our random-assignment process

aims to ensure the integrity of the judicial system and is taken quite seriously by our judges, to eliminate any hint of the appearance of judge- or case-shopping."). Particularly when weighed against these important concerns, Plaintiff's failure to satisfy any of the requirements of Local Rule 40.1(g) weighs strongly against a finding that this action is related to *Miller* and *South Bay Rod & Gun Club*.

For these reasons, Defendant Bonta respectfully objects to the Notice of Related Case filed in this action.

Dated: June 1, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
CHRISTINA R.B. LÓPEZ
Deputy Attorney General

*/s/ S. Clinton Woods*
S. CLINTON WOODS
Deputy Attorney General
*Attorneys for Defendant*

SA2023302822
43737005.docx

# CERTIFICATE OF SERVICE

Case Name: **National Shooting Sports Foundation v. Rob Bonta**   No.   **3:23-cv-00945-AGS-KSC**

I hereby certify that on <u>June 1, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANT ROB BONTA'S SPECIAL APPEARANCE AND OBJECTION TO NOTICE OF RELATED CASE

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 1, 2023</u>, at San Francisco, California.

K. Figueroa-Lee
Declarant

Signature

SA2023302822
43737020.docx