Jennifer M. French, SBN 265422
jenn@pattersonlawgroup.com
**PATTERSON LAW GROUP, APC**
402 W. Broadway Street, Unit 1950
San Diego, California 92101
Telephone: (619) 756-6990

Timothy M. Haggerty, NY SBN 4444675*
thaggerty@fklaw.com
Rupita Chakraborty, NY SBN 5697107*
rchakraborty@fklaw.com
Caroline McHugh, NY SBN 6044705*
cmchugh@fklaw.com
**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
7 Times Square
New York, NY 10036-6516
Telephone: (212) 833-1100
* *Pro Hac Vice Applications Forthcoming*
*Attorneys for Legal Scholars as Amici Curiae*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION,<br><br>           Plaintiff,<br>     v.<br><br>ROB BONTA, Attorney General of California,<br><br>           Defendant. | Case No.: 3:23-cv-00945-AGS-KSC<br><br>**LEGAL SCHOLARS' UNOPPOSED MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF**<br><br>Date:  September 6, 2023<br>Time: 2:00 p.m.<br>Ctrm: 5C<br>Honorable Andrew G. Schopler |

The law professors identified in Appendix A (the "Legal Scholars") respectfully submit this memorandum of law in support of their **unopposed** motion for leave to file an *amici curiae* brief in support of defendant's opposition to plaintiff National Shooting Sports Foundation's ("NSSF") motion for a preliminary injunction.

### A. The Legal Standard for a Motion for Leave to File an *Amici Curiae* Brief

District courts have broad discretion to permit non-parties to participate in an action as *amici curiae*, and generally courts have "exercised great liberality" in allowing *amicus* briefs. *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. 06-cv-1254, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007). District courts should accept *amicus* briefs from non-parties so long as the *amici* "make a showing that [its] participation is useful or otherwise desirable to the court [and t]he scope of amicus briefs [is] limited to the issues raised by the parties." *California v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019); *see also WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021) (noting that "there are no strict prerequisites that must be established prior to qualifying for amicus status" [quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991]), *appeal dismissed*, No. 21-56316, 2022 WL 2031684 (9th Cir. Feb. 1, 2022).

### B. Amici Curiae's Expertise Will Assist in the Court's Consideration of Plaintiff's Motion for a Preliminary Injunction

As explained in the proposed brief, the Legal Scholars, all of whom are independent of the parties to this action, are law professors and scholars who have a professional interest in the issues presented on this case. Based on their scholarship, the Legal Scholars are able to present learned perspectives on multiple issues relevant to the determination of plaintiff's motion for a preliminary injunction. In

particular, the Legal Scholars have researched, studied, and taught in the areas of torts, statutory interpretation, constitutional law, and firearms regulation—all of which are implicated by the plaintiff's motion.

The Legal Scholars' proposed brief draws on these areas of scholarship to address important questions regarding the scope and application of the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901–7903. The principal authors of the proposed brief, Professor Hillel Y. Levin and Professor Timothy D. Lytton,[1] are among the nation's leading scholars of PLCAA and recently authored a prominent article regarding the constitutional principles that inform that statute. *See* Hillel Y. Levin & Timothy D. Lytton, *The Contours of Gun Industry Immunity: Separation of Powers, Federalism, and the Second Amendment*, forthcoming 75 FL. L. REV. (available at SSRN). As Professors Levin and Lytton explain at length in their article, PLCAA has been misunderstood and misinterpreted by litigants, commentators, and some courts. Their scholarship—and the proposed brief that they submit with this motion—attempts to correct those interpretive errors and promote a uniform and correct interpretation of PLCAA.

The proposed brief will assist the Court in evaluating three issues implicated by plaintiff's motion for a preliminary injunction.

*First*, drawing on the Legal Scholars' expertise in statutory interpretation, the proposed brief demonstrates that Assembly Bill 1594, titled the "Firearm Industry

---

[1] Professor Levin is the Alex W. Smith Professor of Law at University of Georgia School of Law and Professor Lytton is a Distinguished University Professor and Professor of Law at Georgia State University College of Law.

Responsibility Act," 2022 California Laws ch. 98 ("AB 1594"), unambiguously qualifies as a "predicate statute" according to the plain text of PLCAA.[2]

*Second*, drawing on the Legal Scholars' expertise in constitutional law, the proposed brief establishes that liability for violation of AB 1594 under PLCAA's predicate exception would be entirely consistent with PLCAA's overall structure. More specifically, the Legal Scholars explain that PLCAA establishes a statutory scheme that serves three constitutional principles: the individual right to keep and bear arms, the separation of powers, and federalism. Many courts and commentators—and the NSSF in this case—have misconstrued the structural relationship between these principles and the text of PLCAA's predicate exception.

*Third*, drawing on their expertise in tort law and statutory interpretation, the Legal Scholars refute the NSSF's argument that AB 1594 cannot serve as predicate statute because it imposes a general duty of care on firearms industry members to establish "reasonable controls" to prevent third-party misuse of its products. As the Legal Scholars explain, standards of conduct like the reasonable care standard imposed by AB 1594 are susceptible to knowing violation and thus can be predicate statutes. This is confirmed by the Legal Scholars' careful analysis of the examples that Congress included in the predicate exception (15 U.S.C. § 7903(5)(A)(iii)(I) & (II)) as well as several of exceptions to PLCAA other than the predicate exception (15 U.S.C. § 7903(5)(A)(i)-(vi)).

---

[2] The predicate exception is codified at 15 U.S.C. § 7903(5)(A)(iii). Under the predicate exception, PLCAA does not preempt "an action in which a manufacturer or seller . . . knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought." *Id.* This provision is known as the "predicate exception" because it rests on a defendant's violation of an underlying, or "predicate," statute.

Based on their expertise, scholarship, and experience in the fields of torts, statutory interpretation, constitutional law, and firearms regulation, the Legal Scholars meet the broad discretionary standard for filing an *amicus curiae* brief. *See Woodfin Suite Hotels, LLC v. City of Emeryville*, No. 06-cv-1254, 2007 WL 81911, at *3. As discussed above, their proposed brief will be useful to the Court because it addresses important issues regarding PLCAA's scope and application through the lens of the Legal Scholars' areas of scholarship and teaching. Moreover, the potential ramifications of this Court's interpretation of PLCAA go far beyond the parties, as several other states have enacted public nuisance laws like AB 1594, and a number of those laws are currently subject to challenge by the NSSF.[3] Indeed, the Legal Scholars submitted unopposed *amici curiae* briefs to the Third Circuit and the United States District Court for the Eastern District of Washington raising similar arguments in connection with the NSSF's challenge to New Jersey's and Washington state's public nuisance statutes. The Legal Scholars' proposed brief in this action therefore also aids the Court by ensuring that the same legal doctrines explained to the Third Circuit and United States District Court for the Eastern District of Washington are also before the Court here, where the same federal statute (PLCAA) is under consideration.

Indeed, in granting the Legal Scholars' motion for leave to file in the United States District Court for the Eastern District of Washington, the Court (the Hon. Mary K. Dimke, U.S.D.J.) found that "the proposed amici are subject-matter experts and their submissions on the record would aid the Court in reaching a just and

---

[3] *See NSSF v. Kathy Jennings, Att'y Gen. of the State of Del.*, No. 22-cv-1499 (D. Del. filed 2022); *NSSF v. Matthew Platkin, Att'y Gen. of N.J.*, No. 22-cv-6646 (D.N.J. filed 2022), *on appeal at* No. 23-1214 (3d Cir.); *NSSF v. Robert W. Ferguson, Att'y Gen. of the State of Wash.*, No. 23-cv-113 (E.D. Wash. filed 2023).

correct decision in this case." ECF No. 50 in *NSSF v. Robert W. Ferguson, Att'y Gen. of the State of Wash.*, No. 23-cv-113 (E.D. Wash. June 8, 2023).

### C. Conclusion

For the foregoing reasons, the Legal Scholars' unopposed motion for leave to file an *amici curiae* brief should be granted.

Dated: 28 July 2023

By: *Jennifer M. French*
*Attorneys for Legal Scholars as Amici Curiae*
Email: jenn@pattersonlawgroup.com

# APPENDIX A: LIST OF *AMICI CURIAE*

The *amici* listed below join this brief as individuals, not as representatives of their respective universities. Institutional affiliations are provided only for purposes of identification.

**Hillel Y. Levin**
Alex W. Smith Professor of Law
*University of Georgia*

**Joseph Blocher**
Lanty L. Smith '67
Professor of Law
*Duke University*

**Scott Burris**
Professor of Law
*Temple University*

**William S. Dodge**
Martin Luther King, Jr. Professor of Law and John D. Ayer Chair in Business Law
*University of California, Davis*

**John J. Donohue**
Carlsmith Professor of Law
*Stanford University*

**Daniel Greenwood**
Professor of Law
*Hofstra University*

**Alexandra D. Lahav**
Professor
*Cornell Law School*

**Timothy D. Lytton**
Regents' Professor
*Georgia State University*

**Linda Jellum**
Professor of Law
*University of Idaho College of Law*

**Dorit Rubinstein Reiss**
Professor of Law
*UC Law San Francisco*

**Michael L. Rustad**
Thomas F. Lambert, Jr.
Professor of Law
*Suffolk University Law School*

**Wendy Wagner**
Richard Dale Endowed Chair in Law
*University of Texas*

**John Fabian Witt**
Allen H. Duffy Class of 1960
Professor of Law
*Yale University*