# Clement & Murphy
### PLLC

August 8, 2023

**Via CM/ECF**

The Chambers of the Hon. Andrew G. Schopler
United States District Court for the Southern District of California
Edward J. Schwartz United States Courthouse
221 West Broadway
Suite 5160
San Diego, CA 92101

      Re:    *National Shooting Sports Foundation v. Bonta*, No. 3:23-cv-00945

To the Chambers of the Hon. Andrew G. Schopler:

      On August 7, 2023, the Ninth Circuit issued a published opinion in *Teter v. Lopez*, No. 20-15948. A copy of the Ninth Circuit's decision is attached hereto as Exhibit A.

      *Teter* squarely forecloses the California Attorney General's arguments opposing NSSF's standing to challenge California Assembly Bill 1594. The AG contends that "Article III does not permit" an organizational plaintiff to sue "to enjoin [a statute] absent any allegation that any of its members plans to violate the law, or that any of its members has been threatened with enforcement." Dkt.23 at 5. But *Teter* rejected the "suggestion that a plaintiff must *always* prove 'a specific warning or threat to initiate proceedings'" to satisfy Article III. Slip op. 13. To be sure, the threat-of-prosecution inquiry serves to ensure that plaintiffs challenging a statute can "demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 836-37 (9th Cir. 2012). But "where the plaintiffs' injury is 'not a hypothetical risk of prosecution but rather actual, ongoing … harm resulting from their' adherence to the challenged statute," that requirement is satisfied, and "a threat of prosecution is unnecessary to prove standing." Slip op. 8 n.2 (ellipsis in original) (quoting *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 855 (9th Cir. 2002)). Here, NSSF has identified specific marketing and sales practices that put its members at risk of liability. *See* Dkt.14 at 20-21; Dkt.29 at 1-2; Dkt.14-2 ¶15. Moreover, given the vague-but-sweeping prohibitions AB 1594 imposes, the only way members could be certain of their "adherence to" all of its commands would be by ceasing to manufacture, market, and sell their lawful products altogether, *see* Dkt.14-1 ¶15; Dkt.14-2 ¶¶10-17, which would be textbook constitutional injury—and is not something litigants must endure just to have their day in court.

      *Teter* also forecloses the AG's arguments that "facial" Second Amendment challenges must satisfy the *Salerno* no-set-of-circumstances standard. The *Teter* plaintiffs

challenged Hawaii's ban on butterfly knives both "facially and as applied against the[mselves]," and sought to enjoin the statute from being "applied to Plaintiffs and additionally against other similarly situated law abiding persons."  Compl. ¶¶105, 112, & Prayer for Relief ¶1, *Teter v. Lopez*, No. 1:19-cv-00183 (D. Haw. Apr. 10, 2019), Dkt.1.  And the Ninth Circuit held that the ban on its face "violates the Second Amendment as incorporated against Hawaii through the Fourteenth Amendment."  Slip op. 31.  Yet it did not mention, much less apply, the no-set-of-circumstances standard the AG urges this Court to adopt.  Instead, the Ninth Circuit followed exactly the course NSSF set out in its reply brief:  It first asked whether the conduct the challenged law restricted was "protected by the plain text of the Second Amendment"; finding that threshold element satisfied, it then asked whether the state met its burden to "prove that [the law] is consistent with this Nation's historical tradition of regulating weapons"; and after answering that question in the negative, the court stopped—without asking whether the ban could constitutionally apply to criminals or in other specific situations.  Slip op. 18-31.  The same inquiry governs here and dooms AB 1594 under the Second Amendment.  *See* Dkt.29 at 4-8.

Respectfully submitted,

s/ Matthew D. Rowen
PAUL D. CLEMENT*
ERIN E. MURPHY*
MATTHEW D. ROWEN (Cal. Bar # 292292)
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
matthew.rowen@clementmurphy.com

* admitted *pro hac vice*

Counsel for Plaintiff