ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
CHRISTINA R.B. LÓPEZ
S. CLINTON WOODS
Deputy Attorneys General
State Bar No. 246054
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3807
 Fax:  (415) 703-5480
 E-mail:  Clint.Woods@doj.ca.gov
*Attorneys for Defendant Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATIONAL SHOOTING SPORTS FOUNDATION,**<br><br>Plaintiff,<br><br>v.<br><br>**ROB BONTA, ATTORNEY GENERAL OF CALIFORNIA,**<br><br>Defendant. | Case No. 3:23-cv-00945-AGS-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S FED R. CIV. P. 59(e) MOTION TO AMEND PRELIMINARY INJUNCTION**<br><br>Date:  May 3, 2024<br>Time:  2:00 pm<br>Dept:  5C<br>Judge:  Hon. Andrew G. Schopler<br>Action Filed: May 23, 2023 |

1

## INTRODUCTION

Defendant Attorney General Rob Bonta respectfully disagrees with the portion of the Court's preliminary injunction order, ECF No. 48 (Order), concluding that California Civil Code section 3273.51(c) has applications that violate the dormant Commerce Clause. But for the purposes of this motion, Defendant does not challenge that conclusion. Instead, Defendant moves under Rule 59(e) of the Federal Rules of Civil Procedure that the Court amend the Order by narrowing the injunction so that section 3273.51(c) may continue to be applied to firearm products that are (1) sold, made, or distributed in California, or (2) sold in other states to California residents. Because those applications of the law would not violate the dormant Commerce Clause and are severable from the applications of the law that the Court has found unconstitutional, the Court should grant this motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a district court to "alter or amend a judgment." The Rule applies to motions seeking reconsideration of preliminary injunction orders. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1123-24 (9th Cir. 2005). It "enables a district court to reverse a mistaken judgment, and so make an appeal … unnecessary." *Banister v. Davis*, 140 S. Ct. 1698, 1708 (2020). Because "specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Among other grounds, a Rule 59(e) motion may be granted "to correct manifest errors of law or fact," or "to prevent manifest injustice." *Id.*

## ARGUMENT

In its February 21, 2024 Order denying in part and granting in part Plaintiff's motion for a preliminary injunction, the Court held that section 3273.51(c) violates the dormant Commerce Clause insofar as it could apply to out-of-state "transactions that involve no California parties or destinations." Order at 12. The Court

reasoned that, for example, "a Tennessee manufacturer" might face liability for distributing prohibited firearms products "to Yuma, Arizona (where it is reasonably foreseeable they may somehow enter bordering California)" and that "an Arizona retailer" may "sell[] these guns to an Arizona buyer," and shortly thereafter, "a thief [might] steal[] the firearms and drive[] into California to commit a gun crime." *Id.* at 11. The Court determined that imputing liability under section 3273.51(c) on the parties in this situation would violate the dormant Commerce Clause. *Id.* at 11-12. Although Defendant disagrees, for purposes of this motion, Defendant does not challenge the Court's conclusion that applying section 3273.51(c) to out-of-state transactions involving only non-California manufacturers, distributers, retailers, and buyers would violate the dormant Commerce Clause.[1]

Yet many applications of section 3273.51(c) indisputably would not raise extraterritoriality concerns. For example, many potential applications of the law will involve firearm products "sold, made, or distributed in California." Cal. Civ. Code § 3273.50(d)(1); *see* Order at 12. Other applications may involve out-of-state sales of firearm products to California residents, who can reasonably be expected to bring the products into the state, particularly when the products are advertised in California directly to California residents.[2]

None of these potential applications of the statute offends the dormant Commerce Clause. Of course, a state may apply its laws to in-state transactions.

---

[1] Defendant also respectfully disagrees with—but likewise does not dispute for purposes of this motion—the Court's conclusion that Plaintiff's facial challenge does not fail under the standard established in *United States v. Salerno*, 481 U.S. 739, 745 (1987). *See* Order at 13-14.

[2] For example, the Attorney General of New Jersey recently brought a civil suit under New Jersey's analogous law alleging that a ghost gun company and gun show organizer were running advertisements targeted directly at New Jersey residents who were not eligible to purchase weapons legally and inducing those residents to cross state lines to purchase illegal firearms in Pennsylvania. A copy of the complaint can be found here: https://tinyurl.com/53d4vbxr (last visited March 14, 2024).

1  *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 371-76 (2023).  And by
2  definition, application of section 3273.51(c) to out-of-state transactions involving
3  California residents directly cannot be an impermissible state regulation of "out-of-
4  state transactions by those with *no* connection to the State."  *Id.* at 376 n.1; *see*
5  Order at 12 n.1.  Thus, the Court should have severed those in-state applications of
6  section 3273.51(c) and enjoined only the application of the law to out-of-state
7  transactions involving only non-California parties.
8       This is particularly true because Assembly Bill 1594 includes a severability
9  clause specifying that if any provision is invalidated, the remainder of the statute
10 "shall not be affected."  2022 Cal. Stat. ch. 98, § 4.  The clause is important to the
11 analysis here because "[s]everability is a matter of state law," and "[i]n California,
12 courts 'look first to any severability clause.'"  *Sam Francis Found. v. Christies,*
13 *Inc.*, 784 F.3d 1320, 1325 (9th Cir. 2015) (en banc) (cleaned up).  A severability
14 clause "establishes a presumption in favor of severance" and "normally calls for
15 sustaining the valid part of the enactment."  *Cal. Redev. Ass'n v. Matosantos*, 53
16 Cal. 4th 231, 270 (2011).  In *Sam Francis,* the Ninth Circuit enjoined application of
17 the law at issue to purely out-of-state transactions, but in turn *upheld* the law's
18 application to in-state transactions.  784 F.3d at 1325-26; *see also* Order at 12
19 (citing *Sam Francis*).
20      The same approach is warranted here.  In two respects, the Court should
21 narrow its injunction order to sever the statute and preserve applications of section
22 3273.51(c) that do not violate the dormant Commerce Clause.
23      First, at a minimum, the Court should clarify that section 3273.51(c) may be
24 applied lawfully to firearm products "sold, made, or distributed in California."  Cal.
25 Civ. Code § 3273.50(d)(1).  The Court correctly recognized that California "may
26 constitutionally regulate" these "purely in-state commercial transactions," Order at
27 13, so there is no basis for enjoining the enforcement of section 3273.51(c) with
28 respect to these transactions.  Severability is also appropriate because section

3273.50(d)(1) is "'grammatically, functionally, and volitionally separable'" from the portions of the statute the Court determined violate the dormant Commerce Clause. *Sam Francis*, 784 F.3d at 1325 (quoting *Cal. Redev. Ass'n*, 53 Cal. 4th at 271). The Court can simply specify that section 3273.51(c) may continue to operate as drafted where its application is premised on in-state sales, manufacturing, or distribution under section 3273.50(d)(1).

Second, the Court should also narrow its injunction order to permit the enforcement of section 3273.51(c) to out-of-state sales of firearm products to California residents. That approach would be in keeping with the Supreme Court's recent guidance in *National Pork*, which explained that the Constitution generally prohibits a state from applying its laws to "out-of-state transactions by those with *no* connection to the State." 598 U.S. at 376 n.1; *see* Order at 12 n.1. And the example this Court discussed regarding how section 3273.51(c) might violate the dormant Commerce Clause involved out-of-state sales to *non-California* residents. *See* Order at 11. The Court should therefore narrow its injunction order to specify that section 3273.51(c) may continue to be applied to out-of-state sales to California residents—but that enforcement of section 3273.51(c) remains enjoined to the extent it otherwise is premised solely on a firearm product that "is or was possessed in California and it was reasonably foreseeable that the item would be possessed in California." Cal. Civ. Code § 3273.50(d)(3); *see* Order at 12. That approach would comport with California severability law because the statute would remain "coheren[t]," "complete," and faithful to legislative intent. *Sam Francis*, 784 F.3d at 1325-26.

Narrowing the injunction order in this manner would also be consistent with the practice of other federal courts, which routinely apply severability principles to prohibit applications of a state law that would violate the dormant Commerce Clause from those that do not. *See, e.g.*, *Sam Francis*, 784 F.3d at 1325-26; *Triumph Foods, LLC v. Campbell*, ___ F. Supp. 3d ___, 2024 WL 421994, at *7

5

(D. Mass. Feb. 5, 2024) (severing in-state applications of state regulations on slaughterhouses); *Am. Meat Inst. v. Barnett*, 64 F. Supp. 2d 906, 922-23 (D.S.D. 1999) (severing in-state applications of meat pricing statute); *see also Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 615 (9th Cir. 2018) (holding that wholly out-of-state applications of medical waste disposal law violated dormant Commerce Clause but finding no concern for in-state applications of law).

Nor should the Order's brief mention of severability, *see* Order at 14, preclude amending the injunction under Rule 59. While the Court saw "no way for the 'abnormally dangerous' gun regulation to pass constitutional muster by severing or enjoining only portions of it," and said that the State had not "suggested how to do so" either, *id.*, Defendant did urge the Court to sever any unlawful portions of applications of the act. *See* ECF No. 23 at 2 (referring to severability clause); ECF No. 41 at 9 (arguing for a narrowly tailored injunction limited only to potentially unlawful applications). To the extent Defendant's briefing did not discuss severability in the dormant Commerce Clause context as extensively as it might have, that was because of space limitations and the parties' focus on the Second Amendment and preemption issues. Moreover, the Ninth Circuit has made clear that the Court enjoys considerable discretion to alter or amend an injunction when its sweep is too broad. *Herron*, 634 F.3d at 1111; *Grunwald*, 400 F.3d at 1123-24. For the reasons discussed, the Court should exercise that discretion here.[3]

## CONCLUSION

The Court should amend its preliminary injunction order to specify that Civil Code section 3273.51(c) may continue to be enforced with respect to firearm

---

[3] Defendant recognizes that if the Court were to amend its preliminary injunction order in the manner proposed here, it may be necessary for the Court to reach the merits of Plaintiff's other claims regarding section 3273.51(c). For the reasons discussed in Defendant's prior briefing, the Court should reject those claims.

products that are (1) sold, made, or distributed in California, or (2) sold outside of California to California residents.

Dated: March 20, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
CHRISTINA R.B. LÓPEZ
Deputy Attorney General

*/s/ S. Clinton Woods*
S. CLINTON WOODS
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta*

SA2023302822