ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
CHRISTINA R.B. LÓPEZ
S. CLINTON WOODS
Deputy Attorneys General
State Bar No. 246054
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3807
 Fax:  (415) 703-5480
 E-mail:  Clint.Woods@doj.ca.gov
*Attorneys for Defendant Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATIONAL SHOOTING SPORTS FOUNDATION,**<br><br>Plaintiff,<br><br>v.<br><br>**ROB BONTA, ATTORNEY GENERAL OF CALIFORNIA,**<br><br>Defendant. | Case No. 3:23-cv-00945-AGS-KSC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S FED R. CIV. P. 59(e) MOTION TO AMEND PRELIMINARY INJUNCTION**<br><br>Date:          May 3, 2024<br>Time:          2:00 pm<br>Dept:          5C<br>Judge:         Hon. Andrew G. Schopler<br>Action Filed: May 23, 2023 |

1

# INTRODUCTION

Plaintiff's Opposition, ECF No. 54 (Opp.), primarily responds to an argument that Defendant's motion to amend the injunction does not make: that section 3273.51(c) purportedly should be applied to products or transactions with no connection to California. As explained in the moving papers, Defendant does not challenge for purposes of this motion the Court's determination that Section 3273.51(c) has applications that violate the dormant Commerce Clause. ECF No. 51-1 at 2 (Mot.). Yet, as the authorities cited by both parties confirm, California's regulation of products and transactions that are sold, made, or distributed inside its borders does not offend the dormant Commerce Clause. Nor does the regulation of products intentionally sold to California residents. Because these applications of the law should be severed from the applications the Court has found unconstitutional, the Court should grant Defendant's motion to amend the injunction.

# ARGUMENT

## I. THE STATE MAY REGULATE PRODUCTS SOLD, MARKETED, OR MANUFACTURED IN CALIFORNIA

As Plaintiff effectively concedes, there is no dormant Commerce Clause issue with California's regulation of products that are intentionally sold, marketed, or manufactured in California. The Supreme Court has made clear that a state may apply its laws to in-state transactions. *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 371-76 (2023). Even statutes that may contain impermissible out-of-state applications do not offend the dormant Commerce Clause when applied to purely in-state transactions. *Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1325-26 (9th Cir. 2015); *see also Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 615 (9th Cir. 2018) (holding that wholly out-of-state applications of medical waste disposal law violated dormant Commerce Clause but finding no concern for in-state

applications of law). Plaintiff's Opposition does not address these purely in-state transactions, which pose no constitutional concern.

Instead, Plaintiff argues that Defendant seeks to regulate conduct, not products. Opp. at 3. This is a distinction without a difference. It is true that section 3273.51(c) regulates conduct, but that conduct necessarily involves the manufacture, distribution, or sale *of a product*. California can indisputably regulate that conduct when it occurs in-state. *Nat'l Pork*, 598 U.S. 371-76. There is no authority for Plaintiff's apparent view (see Opp. at 3) that the entirety of a product's distribution chain—manufacture, distribution, sale, and possession—must occur in California for the state to regulate the product under the dormant Commerce Clause. If that were true, no state could regulate the in-state sale of *any product* manufactured or distributed elsewhere, a result squarely foreclosed by *National Pork*. Thus, under section 3273.51(c), California may permissibly regulate the in-state manufacture, distribution, or sale of any abnormally dangerous firearm.

Plaintiff's reliance on *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, is misplaced. There, the Ninth Circuit held that California's attempt to regulate the *out-of-state disposal* of medical waste originating in California violated the dormant Commerce Clause. *Id*. at 615. But here, California is not trying to regulate products once they have traveled outside of California's borders. Nor is California—as Plaintiff suggests—attempting to "regulate *out-of-state* conduct involving that product." Opp. at 3 (internal quotation marks and alteration omitted). Rather, the State is regulating conduct occurring in-state—the manufacture, distribution, or sale of abnormally dangerous firearms. Indeed, in *Daniels Sharpsmart*, the Ninth Circuit made clear that it was "not concerned here with an attempt by the [State] officials to protect California and its residents by applying the [medical waste law] to products that are *brought into* or are otherwise *within the borders* of the State." 889 F.3d at 615 (emphasis added). And *National*

*Pork* reaffirmed the bedrock principle that "'a State may exclude from its territory, or prohibit the sale therein of any articles which, in its judgment, fairly exercised, are prejudicial to' the interests of its citizens." 598 U.S. at 369 (quoting *Guy v. Baltimore*, 100 U.S. 434, 443 (1880)).[1] That is exactly what California has done here.

## II. THE STATE MAY REGULATE OUT-OF-STATE SALES TO CALIFORNIA RESIDENTS

At a minimum, this Court should amend the preliminary injunction to allow California to apply section 3273.51(c) to the in-state manufacture, distribution, or sale of abnormally dangerous firearms. But the Court should go further and also allow California to apply section 3273.51(c) to out-of-state sales of abnormally dangerous firearms to California residents.

In *National Pork*, the Supreme Court clarified that the "core" purpose of the dormant Commerce Clause is antidiscrimination—that is, it "prohibits the enforcement of state laws . . . designed to benefit in-state economic interests by burdening out-of-state competitors." 598 U.S. at 369. But as in *National Pork*, *see id.* at 370-71, here there is no hint of any discrimination against out-of-state interests. Plaintiff instead relies on a variation of the same extraterritoriality argument that the Court rejected because California's law did not seek to regulate "out-of-state transactions by those with *no* connection to the State." *Id.* at 376 n.1 (emphasis original). In doing so, the Court adopted an approach reflected in earlier cases such as *Aldens, Inc. v. Ryan*, 571 F.2d 1159, 1161 (10th Cir. 1978), which

---

[1] *See also, e.g.*, *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1103–04 (9th Cir. 2013) (California's ethanol fuel standard for in-state sales did not pose extraterritoriality concerns despite the fuel being manufactured elsewhere); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 949 (9th Cir. 2013) (California's in-state ban on foie gras did not directly regulate out-of-state commerce despite the production occurring out of state); *Valley Bank of Nev. v. Plus Sys., Inc.*, 914 F.2d 1186, 1192–93 (9th Cir. 1990) (observing that the "commerce clause does not exist to protect a business's right to do business according to whatever rules it wants" in upholding Nevada's ATM fee regulation).

held that a "state can regulate the consequences of commercial transactions on its citizens which arise or are directed from outside its borders."  Where weapons are sold to California residents and then brought into the state, California may regulate that commercial transaction.

Plaintiff's attempt to dismiss the *National Pork* footnote as "dictum," Opp. at 5, is unavailing.  In the footnote, the Court explained why the plurality opinion in *Edgar v. MITE Corp.*, 457 U.S. 624 (1982), was consistent with the holding and rationale of *National Pork*.  It noted that *Edgar* involved an Illinois law that "directly regulated transactions which took place wholly outside [Illinois] and involved individuals having no connection with Illinois." 598 U.S. at 376 n.1 (cleaned up).  That was accurate:  the law in *Edgar* sought to regulate a tender offer involving "a Delaware corporation with principal offices in Connecticut" and stockholders "living in other States and having no connection with Illinois."  457 U.S. at 642 (plurality opinion).  Far from being dicta, then, *National Pork*'s understanding of *Edgar* was essential to the Court's rationale for the rule it announced and applied in *National Pork* and was consistent with existing precedent.

Plaintiff's other cited authorities also are also inapposite.  Take *Sam Francis*, which is factually distinguishable.  784 F.3d at 1325.  There, the en banc panel determined that a tax placed on an art sale that did not originate in California, was not displayed in California, and did not travel to California violates the dormant Commerce Clause regardless of the residency of one of the transacting parties.  *Id*. at 1323.  But here, if a Nevada arms dealer sells a firearm to a California resident, it is reasonably foreseeable that the firearm will be brought back to California and thus cannot be said to have *no* connection to California.  *Nat'l Pork*, 598 U.S. at 376 n.1.  Nor do *Styczinski v. Arnold*, 46 F.4th 907, 913-14 (8th Cir. 2022) and *Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660, 662, 667-78 (7th Cir. 2010) (see

Opp. at 6) aid Plaintiff.  These cases pre-date *National Pork* and rely on the "almost *per se*" extraterritoriality theory—and an overbroad reading of *Healy v. Beer Ins.*, 491 U.S. 324 (1989), and *Baldwin v. G.A.F. Seelig, Inc.*, 294 U.S. 511 (1935)—that *National Pork* rejected.  *Nat'l Pork*, 598 U.S. at 371-374.  The Court explained that *Healy* and *Baldwin* reflect "the familiar concern with preventing purposeful discrimination against out-of-state economic interests," not a general rule prohibiting state regulation with extraterritorial effects.  *Id.* at 371.  Because *Styczinski* and *Midwest Title* applied the *Healy* line of cases in a manner inconsistent with *National Pork*, *see Styczinski*, 46 F.4th at 913; *Midwest Title*, 593 F.3d at 665-67, it is doubtful whether those cases remain good law.  And in any event, they are not binding on this Court.

### III. THERE WAS NO FORFEITURE OF THE DORMANT COMMERCE CLAUSE ARGUMENT

Defendant has not forfeited any argument made in this motion.  As Plaintiff acknowledges, Opp. at 1, Defendant argued previously that any injunction "must be narrowly tailored to remedy the specific harm shown" and limited only to potentially unlawful applications.  ECF No. 41 at 9.  The specific harm in the dormant Commerce Clause context is limited to purely extraterritorial applications of the law.  Conversely, a state may lawfully regulate in-state manufacturing, transactions, sales, and advertising.  *See Nat'l Pork*, 598 U.S. at 371-76.  Defendant specifically argued as much in its opposition to the preliminary injunction motion.  ECF No. 23 at 23-24.  Because Defendant has not forfeited the arguments made here, the Court retains its inherent power to amend the injunction under Rule 59(e).

### CONCLUSION

Defendant's motion to amend the injunction should be granted.

| | | |
|---|---|---|
| Dated:  April 26, 2024 | | Respectfully submitted,<br><br>ROB BONTA<br>Attorney General of California<br>R. MATTHEW WISE<br>Supervising Deputy Attorney General<br>CHRISTINA R.B. LÓPEZ<br>Deputy Attorney General<br><br><br>*/s/ S. Clinton Woods*<br>S. CLINTON WOODS<br>Deputy Attorney General<br>*Attorneys for Defendant Attorney General Rob Bonta* |

SA2023302822
43735833.docx

# CERTIFICATE OF SERVICE

Case Name: *National Shooting Sports Foundation v. Rob Bonta*    Case No. **3:23-cv-00945-AGS-KSC**

I hereby certify that on April 26, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **REPLY IN SUPPORT OF DEFENDANT'S FED R. CIV. P. 59(e) MOTION TO AMEND PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on April 26, 2024, at San Francisco, California.

M. Mendiola
Declarant

*M. Mendiola*
Signature

SA2023302822