**Clement & Murphy**
PLLC

July 3, 2024

**Via CM/ECF**

The Chambers of the Hon. Andrew G. Schopler
United States District Court for the Southern District of California
Edward J. Schwartz United States Courthouse
221 West Broadway
Suite 5160
San Diego, CA 92101

      Re:    *National Shooting Sports Foundation v. Bonta*, No. 3:23-cv-00945

To the Chambers of the Hon. Andrew G. Schopler:

      NSSF submits this brief response to Defendant's Notice of Supplemental Authority (Dkt.57). The AG misreads *United States v. Rahimi*, No. 22-915 (U.S. June 21, 2024), and misrepresents NSSF's arguments.

      At the outset, the premise of the AG's letter is incorrect. NSSF has never rested its case on the argument that "the *Salerno* standard does not apply to facial Second Amendment claims." *Contra* Dkt.57 at 2. As NSSF explained at oral argument, "we have … no qualms with saying that *Salerno* governs." 10/4/2023 Tr. at 10:17-18; *see also* Pl.'s Supp. Br. (Dkt.42) at 2 (accepting that "the *Salerno* standard governs here"). NSSF's argument is, and always has been, that the AG's understanding of *Salerno* is wrong. *See, e.g.*, 10/4/2023 Tr. at 6:21-23 (arguing that "if the State's theory of what *Salerno* means were correct, then … *Heller* would have come out the other way"). In the AG's view, as long as there is one hypothetical person out there who could not obtain legal redress if the statute were applied to them, a facial challenge fails. That is not what *Salerno* means, in this or in any other context. *Salerno* instead means exactly what the Ninth Circuit's en banc decision in *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772 (2014), says it does—which confirms that the AG is wrong. *See* Dkt.42 at 1-4; *see also, e.g.*, 10/4/2023 Tr. 5:25-6:1 (arguing that "*Lopez-Valenzuela* makes clear … what the *Salerno* 'no set of circumstances' standard means"); *id.* at 46:11-14 (arguing that "*Lopez-Valenzuela* correctly said … what *Salerno* means," and agreeing "that's … the standard that governs").

      Nothing in *Rahimi* undermines *Lopez-Valenzuela* or supports the AG's theory. Indeed, the AG misunderstands what *Rahimi* held and why the facial challenge there failed. After reiterating that the government always "bears the burden to 'justify its regulation'" when it "regulates arms-bearing conduct" and that the Second Amendment "'extends, prima facie, to all instruments that constitute bearable arms,'" the Court explained that "the appropriate analysis" at the all-important historical-tradition step "involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." Op.6-7 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008)). The Court then concluded that there is a longstanding regulatory tradition in this

country of restricting firearm possession by those "found by a court to present a threat to others," and drew from that tradition the principle that the government may "disarm[]" individuals found by a court to "pose[] a clear threat of physical violence to another." *Id.* at 13. That principle—that the government may constitutionally disarm individuals found by a court to pose a clear threat to others—supplied the relevant constitutional standard (i.e., the relevant "constitutional decision rule[]," *Lopez-Valenzuela*, 770 F.3d at 789 n.13). Against that backdrop, Rahimi's facial challenge to 18 U.S.C. §922(g)(8) failed for two reasons. First, 18 U.S.C. §922(g)(8) is perfectly consistent with that standard *on its face*: The statute by its terms authorizes the government to disarm individuals found by a court to present a threat to others. *See* Op.3-4. Second, Rahimi was found by a court to pose a clear threat of violence to others. *See id.* at 1-3 (recounting the facts). Rahimi thus could not have mounted even an as-applied challenge, which meant his facial challenge failed *a fortiori*. *See id.* at 16.

Far from helping the AG, *Rahimi* confirms that Section 3273.51(c) violates the Second Amendment on its face. The statute prohibits law-abiding citizens who have never been found to pose any threat to anyone from keeping or bearing firearms that the state deems "abnormally dangerous," even if the American public has chosen them en masse for lawful purposes such as self-defense. *See* Cal. Civ. Code §3273.51(c). And when it comes to laws that prohibit law-abiding citizens from keeping or bearing a class of arms outright, the Supreme Court has been explicit about *both* what our Nation's regulatory tradition is *and* what "principle[] … underpin[s]" that tradition: The relevant "historical tradition" is "of prohibiting the carrying of 'dangerous and unusual weapons,'" and the principle that underpins it is "that the Second Amendment protects the possession and use of weapons that are 'in common use at the time.'" *NYSRPA, Inc. v. Bruen*, 597 U.S. 1, 21 (2022) (quoting *Heller*, 554 U.S. at 627); *see also* Op.7; Kavanaugh.concur.22.

Because Section 3273.51(c) defies that tradition and that principle on its face, there is no set of circumstances in which it can constitutionally be applied—and that remains true even if some of the "abnormally dangerous" arms that it bans are both dangerous and unusual. Put differently, even if a different and narrower "categorical statute" could survive Second Amendment scrutiny, *Lopez-Valenzuela*, 770 F.3d at 789, this one cannot.

                                            Respectfully submitted,

                                            s/ Matthew D. Rowen
                                            PAUL D. CLEMENT*
                                            ERIN E. MURPHY*
                                            MATTHEW D. ROWEN (Cal. Bar # 292292)
                                            CLEMENT & MURPHY PLLC
                                            706 Duke Street
                                            Alexandria, VA 22314
                                            (202) 742-8900
                                            matthew.rowen@clementmurphy.com

                                            *Counsel for Plaintiff*